■ In the Matter of the Claim of ROBERT M. COONEY, Appellant. COMMISSIONER OF LABOR, Respondent. [768 NYS2d 526]—

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 24, 2002, which reduced claimant's benefit rate to zero.

After 29 years of service with Bell Atlantic, claimant left in the beginning of March 1998 and started working for Lucent Technologies, Inc. later that same month. At the time he left Bell Atlantic, claimant received a lump-sum distribution from a pension plan funded by Bell Atlantic and rolled it into an existing individual retirement account in his name. He subsequently enrolled in a pension plan funded by Lucent and, pursuant to a portability agreement between the two companies, was permitted to transfer the pension moneys which originated in the Bell Atlantic plan from his individual retirement account back to Bell Atlantic, which then transferred the moneys to the pension plan at Lucent. After working for Lucent for approximately three years, he was laid off. Following his layoff, claimant received unemployment insurance benefits of $405 per week, as well as monthly pension benefits in the amount of $2,866. In July 2002, claimant was notified by the Department of Labor that his benefit rate was being reduced to zero due to his receipt of pension benefits. He challenged this determination and, following a hearing, an Administrative Law Judge sustained the reduction of claimant's benefit rate. Upon appeal, the Unemployment Insurance Appeal Board remitted the matter for a hearing to further develop the record on this issue. Following the hearing, the Board upheld the reduction of claimant's benefit rate, and this appeal by claimant ensued.

"Labor Law § 600 (7) provides for a reduction in unemployment insurance benefits whenever an employee receives employer-funded retirement benefits regardless of whether they are distributed monthly or in a lump-sum payment which the employee reinvests in an individual retirement account" (*Mat-*

*ter of Rolland [Eastman Kodak Co.—Sweeney]*, 232 AD2d 710, 710 [1996] [citations omitted]; *see Matter of Knox [Commissioner of Labor]*, 286 AD2d 797, 797 [2001]). Here, claimant admitted that he did not make any contributions to the plans funded by Bell Atlantic or Lucent. Contrary to claimant's assertion, the fact that the moneys were transferred to an individual retirement account before they were combined with the funds held in the Lucent pension plan did not change their character as employer contributions and, thereby, render the provisions of Labor Law § 600 (7) inapplicable. We have considered claimant's remaining contentions and find them to be without merit.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.